# IN THE MATTER OF JUAN RIPOLL, Bankrupt.

San Juan, Bankruptcy, No. 89.

ON APPEAL FROM REFEREE AS TO RENTS.

Bankruptcy Law—Local Priorities.

> The bankruptcy law recognizes priority for rents and leases for one year as declared in the Porto Rico Civil Code, § 1823 (7). So much of the classification of credits in the Civil Code as is connected with bankruptcy is superseded by the international bankruptcy law, but so much as is independent thereof will be enforced as a local lien.

Opinion filed April 21, 1914.

*Mr. Damian Monserrat* for creditor.

HAMILTON, Judge, delivered the following opinion:

In the bankrupt estate of Juan Ripoll a claim was filed by Manuel Fernandez seeking, under § 823 of the Civil Code of Porto Rico, to establish a priority for house rent due by the bankrupt prior to the adjudication. The referee disallowed the priority under § 64 of the bankruptcy act. Whereupon the creditor filed a petition for review and the matter has been certified up by the referee.

The bankruptcy law, § 64 (5), expressly recognizes priority and orders payment of (5) "debts owing to any person who, by the laws of the states or the United States, is entitled to priority." The Porto Rico Civil Code in § 1823 (7) provides that

### In the Matter of Ripoll.

"with regard to specified personal property of the debtor the following are preferred: . . . (7) Credits for rents and leases for one year with regard to the personal property of the lessee existing on the estate leased and on the fruits thereof." The referee refuses to allow a priority of payment to the claim of Fernandez, on the ground that while this section provided for such preference, the whole title in which it is found, on the "Concurrence and Preference of Credits," relates to bankruptcy, and is superseded by the national bankruptcy act.

There is no question that the national bankruptcy act supersedes all local bankruptcy provisions, but chapter 2, entitled "Classification of Credits," is not necessarily connected with the bankruptcy provisions. Some of these provisions may be enforced when there is no actual bankruptcy, and there is no reason why there should not be in Porto Rico an order of payment of debts as in the states of the Union. Under the Foraker or organic act, § 8, the local laws of Porto Rico are continued in full force and effect, and they may be amended by the legislative authority provided for Porto Rico. The provision in question giving priority to rents is not in conflict with the bankruptcy law, and will be enforced.

The court is unable to order payment because the other claims and thus priority are not before it. The matter is therefore remanded to the referee in bankruptcy for further proceedings in accordance with this opinion.